Dear Representative Doll:
This opinion is in response to your request for a ruling on the following questions:
 1. Do the provisions of § 177.091.4 apply to the sale of property by urban school districts or does § 177.141.1(3) leave the method of sale of property by an urban district within the board's discretion?
 2. Can the Kansas City School District lease for a long-term duration vacant buildings and/or the ground on which they stand to private industry?
Section 177.141 applies to "urban districts." Section 171.091
applies to "six-director districts." However, pursuant to § 160.011(11), a "six-director district" is defined as "any school district which has six directors and includes urban districts regardless of the number of directors and urban district may have." Furthermore, § 162.461, provides that urban districts are ". . . governed by the same general laws as other six-director school districts, except as otherwise provided by law."
A well-known rule of statutory construction is that statutes relating to the same subject matter must be read harmoniously; that "provisions of one having special application to a particular subject will be deemed a qualification to another statute general in its terms." City of Raytown v. Danforth, 560 S.W.2d 846 (Mo. banc 1977). It is the opinion of this office that § 177.091 is applicable to an urban school district except to the extent that it is contradicted by a specific provision in § 177.141. Because of the dual application of § 177.141 and § 177.091 to urban school districts, the sale of property by an urban school district requires, as per § 177.141, an affirmative vote to sell such property be by two-thirds rather than a majority vote prescribed in § 177.091. In addition, the remaining provisions of § 177.091 are applicable and must be complied with by urban school districts selling property.
The second question you present in your opinion request concerns whether the Kansas City School District can lease property for a long-term duration to private industry. Section 177.091, RSMo 1978, specifically allows the school district to sell its property when it is no longer required for the use of its district. In that a school district has the power to sell its property, it follows that the school districts likewise have the power to allow the use of the premises under its control through the form of a lease. 51(C), C.J.S., "Landlord and Tenant," §§ 252-253. Therefore, when the school property is no longer required for the use of the district, the school board may lease such property to private industry.
The length of the term of the lease will also affect its legality. As a general proposition, a school board has reasonable discretion to lease school property during the time it is not used for school purposes, "but where such lease is for an unreasonable period of time, it will not be upheld." 68 Am.Jur.2d "Schools", § 77.
The question then becomes what is a reasonable length of time. Although there are no Missouri cases on this subject, a West Virginia court in Madachy v. Huntington Horse Show Assoc.,119 W. Va. 58, 92 S.E. 128 (1937), held that a county board of education could not lease property acquired for school purposes for a term of twenty years, where the lease contained no reserved right to terminate within the term except for specific limited reasons and under no contingency could the lease be terminated for a period of three years and five months subsequent to the lease's execution.
Therefore, it is the opinion of this office that the provisions contained in § 177.091.4 apply to the sale of property by urban school districts except to the extent directly contradicted by § 177.141 with respect to a two-thirds affirmative vote. It is also the opinion of this office that the Kansas City School District may lease vacant buildings and/or the ground on which they stand to private industry if (1) there is no need for the property in the maintenance and operation of the school district, and (2) the length of the lease's duration is reasonable.
Very truly yours,
 JOHN ASHCROFT Attorney General